15576

TRUESDALE v. CITY OF COLUMBIA *ET AL.*

(27 S. E. (2d), 455)

334

March, 1943.

*Mr. Heyward Brockinton,* of Columbia, S. C., Counsel for Appellant,

*Mr. Paul A. Cooper* and *Mr. John W. Sholenberger,* both of Columbia, S. C., Counsel for Respondents,

October 25, 1943.

MR. ASSOCIATE JUSTICE STUKES delivered the unanimous Opinion of the Court:

The complaint in this action contained allegations that plaintiff is a taxpayer of the City of Columbia and a citizen and resident of the county in which it is located, as are the individual defendants; that the defendant city for some years has owned a tract of land about five miles out, used for the purpose of a garbage disposal site, and has leased it successively to various individuals with the right to them to use the garbage deposited there; that the recent lease was cancelled by the city; that one, Jordan, for himself and plaintiff, interviewed the member of council in direct charge of the garbage department, offering to lease the property and rights mentioned for $1,500.00 per annum for three years, payable in

advance, and was assured that plaintiff and his associate would be given opportunity to bid in that connection; and that, upon a similar interview, the mayor gave the same assurance, that bids would be sought by advertisement, etc.

It was further alleged, upon information and belief, that the members of the city council have leased the property and rights to the individual defendants for $1,000.00 per year, and the city has spent about $1,500.00 in building a fence about the property, which latter expense was anticipated to be borne by plaintiff and his partner in connection with their offer; but that the contract has not been executed by the lessees and no payment made by them and they have not yet gone into the possession of the property. Finally it was alleged that the proposed contract was negotiated between the individual defendants and the mayor and councilman referred to "by and through collusive arrangements" between them, and that no advertisement for bids is now intended. Injunction was sought.

The defendants demurred upon numerous grounds and the demurrer was sustained by the trial Judge in the following language:

"I feel that the conclusion is inescapable that the City of Columbia through its duly elected councilmen and mayor has full power to enter into contracts such as the one involved in this action, and that such contracts should be upheld and enforced unless the city is guilty of fraud, collusion, or misconduct in entering into the contract. To hold otherwise would permit any disgruntled citizen to use injunctive relief for the purpose of substituting the Court's opinion for the discretion of city council. After a careful study of the complaint in this action, it is my opinion that it does not contain any allegations upon which fraud, collusion or misconduct on the part of city council or on the part of the codefendants could be predicated. The Court would not stand for nor permit fraud, collusion or misconduct in the making of a contract by a municipality. However, the complaint in

this action is completely lacking in allegations which show any such conduct on the part of the City of Columbia.

"In argument the plaintiff's counsel exhibited to the Court the contract involved in this action which was signed by the five members of city council as well as the defendants, Vollie Martin and T. P. Phillips. It is axiomatic that the City of Columbia acts through its five councilmen and not by or through two members of its council. The complaint does not charge any fraud, collusion or misconduct on the part of three members of city council who authorized the making of the contract. It is therefore obvious that the three members were a majority of city council and their action in authorizing, approving and signing the contract gave full force and effect. It is also to be noted that there is no allegation in the complaint that the individaul contracting parties, Mr. Phillips and Mr. Martin, or the other three councilmen, had any notice of the conversations that allegedly took place between the two members of city council (Mayor Marshall and Gary Paschal) and the plaintiff, nor is there any allegation in the complaint charging fraud, collusion or misconduct between Mr. Phillips or Mr. Martin and the other three members of city council against whom no fraud, collusion or misconduct is charged."

Complaint is made in the exceptions that the Court should not have considered the contract because the case was heard on demurrer and the contract was not a part of the complaint. But it appears that appellant introduced the contract at the hearing so can hardly be heard to now complain that it was considered. Moreover, the fact of its execution by council was alleged, and the Court was not dependent upon it for knowledge that the defendant city is governed by a council of five members, including the mayor.

It is elementary that allegations of fraud, in order to be effectual, must be plain and specific, and it cannot be fairly said that the meager reference to collusion

in the complaint constitutes a charge of fraud in the contract. S. C. cases in 16 S. E., Dig., Fraud, p. 302, Key 42, and 27 S. E., Dig., Pleading p. 113, Key `8(15) *et seq.* Doubtless in view of this rule appellant now depends upon inadequacy of price; it is his whole argument. But it is not sufficient under the circumstances of this case. The council may well have been influenced by other considerations, within their discretion. They were dealing with garbage disposal, not just leasing property for profit.

The case is ruled by that of *O'Dowd v. Waters, Mayor, et al.,* 130 S. C., 232, 125 S. E., 644, in which the leasing of the Florence "opera house" was attacked and the annual rental accruing under the contract upheld in the litigation represented about the same apparent financial loss to the municipality that is alleged in the instant action. It was there said, in part, by the Court, citing numerous authorities: "The city council of Florence, is vested not alone with the power to make contracts concerning the property owned by the city, but in addition with full discretion in regard thereto, and under the facts of this case the Court has no right and authority to interfere with this discretion by substituting its opinion for the discretion of the council." Fraud was not alleged in the complaint in that case, as it is not here, as we have seen. That authority was cited with approval in *Watson et al. v. Jennings, Mayor, et al.,* 146 S. C., 372, 144 S. E., 78.

The stated rule is in accord with precedents elsewhere. 38 Am. Jur., 175. The following is quoted from 43 C. J., 297: "Courts of equity have no general supervisory power over the government of municipal corporations, or over the acts and proceedings of their governing bodies, except in those cases falling under some recognized head of equitable jurisdiction."

The exceptions are overruled.

Affirmed.

Messrs. Associate Justices Baker and Fishburne and Circuit Judge E. H. Henderson, Acting Associate Justice, concur.